AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

District of     COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| MIGUEL HERNANDEZ-MEDINA | Case Number: 06-cr-00200-WDM-01 |
| | USM Number: 34221-013 |
| | Janine Yunker, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  one of the Information

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(ii), and 18 U.S.C. 2 | Transporting Illegal Aliens | 05/07/06 | One |

    The defendant is sentenced as provided in pages 2 through 10 of this judgment and my findings and conclusions, a transcript of which is attached and incorporated by reference. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 21, 2006
Date of Imposition of Judgment

*/s/ Walker D. Miller*
Signature of Judge

Walker D. Miller, U.S. District Judge
Name and Title of Judge

11/30/06
Date

AO 245B	(Rev. 06/05) Judgment in Criminal Case
	Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: MIGUEL HERNANDEZ-MEDINA
CASE NUMBER: 06-cr-00200-WDM-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ten (10) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 12 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __10__

DEFENDANT:      MIGUEL HERNANDEZ-MEDINA
CASE NUMBER:    06-cr-00200-WDM-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall provide access to any requested financial information.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
              Sheet 3C — Supervised Release

DEFENDANT:    MIGUEL HERNANDEZ-MEDINA       Judgment—Page 4 of 10
CASE NUMBER:  06-cr-00200-WDM-01

## SPECIAL CONDITIONS OF SUPERVISION

1. If the defendant is deported, he shall not thereafter re-enter the United States illegally. If the defendant re-enters the United States legally, he shall report to the nearest U.S. Probation Office within 72 hours of his return.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: MIGUEL HERNANDEZ-MEDINA | Judgment — Page 5 of 10 |
| CASE NUMBER: 06-cr-00200-WDM-01 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

 ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments

DEFENDANT: MIGUEL HERNANDEZ-MEDINA
CASE NUMBER: 06-cr-00200-WDM-01

Judgment — Page 6 of 10

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐ Lump sum payment of $ _____ due immediately, balance due
        ☐ not later than _____ , or
        ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Criminal Judgment
   Attachment (Page 1) — Statement of Reasons

Judgment—Page __7__ of __10__

DEFENDANT: MIGUEL HERNANDEZ-MEDINA
CASE NUMBER: 06-cr-00200-WDM-01

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A [X] **The court adopts the presentence investigation report without change.**

B [ ] **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1 [ ] Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

2 [ ] Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 [ ] Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 [ ] Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C [ ] **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A [X] No count of conviction carries a mandatory minimum sentence.

B [ ] Mandatory minimum sentence imposed.

C [ ] One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

[ ] findings of fact in this case
[ ] substantial assistance (18 U.S.C. § 3553(e))
[ ] the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: __10__
Criminal History Category: __I__
Imprisonment Range: __6__ to __12__ months
Supervised Release Range: __2__ to __3__ years
Fine Range: $ __2,000__ to $ __20,000__
[X] Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons

DEFENDANT: MIGUEL HERNANDEZ-MEDINA
CASE NUMBER: 06-cr-00200-WDM-01

Judgment—Page __8__ of __10__

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A [X] The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B [ ] The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use page 4 if necessary.)

C [ ] The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D [ ] The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
[ ] below the advisory guideline range
[ ] above the advisory guideline range

B **Departure based on** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
[ ] 5K1.1 plea agreement based on the defendant's substantial assistance
[ ] 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
[ ] binding plea agreement for departure accepted by the court
[ ] plea agreement for departure, which the court finds to be reasonable
[ ] plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
[ ] 5K1.1 government motion based on the defendant's substantial assistance
[ ] 5K3.1 government motion based on Early Disposition or "Fast-track" program
[ ] government motion for departure
[ ] defense motion for departure to which the government did not object
[ ] defense motion for departure to which the government objected

3 **Other**
[ ] Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| [ ] | 4A1.3 | Criminal History Inadequacy | [ ] | 5K2.1 | Death | [ ] | 5K2.11 Lesser Harm |
| [ ] | 5H1.1 | Age | [ ] | 5K2.2 | Physical Injury | [ ] | 5K2.12 Coercion and Duress |
| [ ] | 5H1.2 | Education and Vocational Skills | [ ] | 5K2.3 | Extreme Psychological Injury | [ ] | 5K2.13 Diminished Capacity |
| [ ] | 5H1.3 | Mental and Emotional Condition | [ ] | 5K2.4 | Abduction or Unlawful Restraint | [ ] | 5K2.14 Public Welfare |
| [ ] | 5H1.4 | Physical Condition | [ ] | 5K2.5 | Property Damage or Loss | [ ] | 5K2.16 Voluntary Disclosure of Offense |
| [ ] | 5H1.5 | Employment Record | [ ] | 5K2.6 | Weapon or Dangerous Weapon | [ ] | 5K2.17 High-Capacity, Semiautomatic Weapon |
| [ ] | 5H1.6 | Family Ties and Responsibilities | [ ] | 5K2.7 | Disruption of Government Function | [ ] | 5K2.18 Violent Street Gang |
| [ ] | 5H1.11 | Military Record, Charitable Service, Good Works | [ ] | 5K2.8 | Extreme Conduct | [ ] | 5K2.20 Aberrant Behavior |
| | | | [ ] | 5K2.9 | Criminal Purpose | [ ] | 5K2.21 Dismissed and Uncharged Conduct |
| [ ] | 5K2.0 | Aggravating or Mitigating Circumstances | [ ] | 5K2.10 | Victim's Conduct | [ ] | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | [ ] | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | [ ] | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use page 4 if necessary.) See attached transcript of proceedings for any needed explanation.

AO 245B     (Rev. 06/05) Criminal Judgment
            Attachment (Page 3) — Statement of Reasons

Judgment—Page __9__ of __10__

DEFENDANT:    MIGUEL HERNANDEZ-MEDINA
CASE NUMBER:    06-cr-00200-WDM-01

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

    **A**    **The sentence imposed is** (Check only one.):
       ☐ below the advisory guideline range
       ☐ above the advisory guideline range

    **B**    **Sentence imposed pursuant to** (Check all that apply.):

         1    **Plea Agreement** (Check all that apply and check reason(s) below.):
               ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
               ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
               ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

         2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
               ☐ government motion for a sentence outside of the advisory guideline system
               ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
               ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

         3    **Other**
               ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

    **C**    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

       ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

       ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

       ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

       ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

       ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

       ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

       ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

    **D**    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.) See attached transcript of proceedings for any needed explanation.

AO 245B     (Rev. 06/05) Criminal Judgment
             Attachment (Page 4) — Statement of Reasons

| DEFENDANT: | MIGUEL HERNANDEZ-MEDINA |
|---|---|
| CASE NUMBER: | 06-cr-00200-WDM-01 |

Judgment—Page **10** of **10**

# STATEMENT OF REASONS

**VII   COURT DETERMINATIONS OF RESTITUTION**

    A [X] Restitution Not Applicable.

    B   Total Amount of Restitution: _____

    C   Restitution not ordered (Check only one.):

        1   [ ]   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

        2   [ ]   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

        3   [ ]   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

        4   [ ]   Restitution is not ordered for other reasons. (Explain.)

    D   [ ] Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

    Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO

Criminal Action No. 06-CR-00200-WDM

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

MIGUEL HERNANDEZ-MEDINA,

     Defendant.
_____

                       REPORTER'S TRANSCRIPT
                    Excerpt of Sentencing:  Order
_____

       Proceedings before the HONORABLE WALKER D. MILLER,
Judge, United States District Court for the District of
Colorado, commencing at 9:00 a.m., on the 21st day of November,
2006, in Courtroom A902, United States Courthouse, Denver,
Colorado.
                             APPEARANCES
       TIMOTHY NEFF, Assistant U.S. Attorney,
1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing
for the plaintiff.
       JANINE YUNKER, Assistant Federal Public Defender,
633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing
for the defendant.


Proceeding Recorded by Mechanical Stenography, Transcription
   Produced via Computer by Janet M. Coppock, 901 19th Street,
       Room A257, Denver, Colorado, 80294, (303) 893-2835
```

```
 1                          PROCEEDINGS
 2          THE COURT:  The report then is incorporated by
 3   reference as part of my findings and conclusions, and I would
 4   note that as calculated, the base offense level is 12.  The
 5   conclusion is given, apparently the dispute that it was not for
 6   profit which would reduce it by three, but is increased by
 7   three because there was so many aliens involved resulting in an
 8   adjusted offense level of 12 reduced by two to 10.
 9          The defendant does not have any prior convictions that
10   result in criminal history points and therefore is in Criminal
11   History Category I.  As a consequence, the guidelines recommend
12   a six to 12-month sentence followed by supervised release of up
13   to three years.  Probation is possible of one to five years,
14   fine of $2,000 to $20,000, and a special assessment of $100.
15          (A portion of the proceedings was not transcribed.)
16          THE COURT:  All right.  The matter as presented does
17   involve circumstances which are regrettably typical of a large
18   group of illegal aliens coming into the United States, and the
19   Government apparently feels that it cannot prove that this
20   individual was doing it for profit, although the circumstances
21   might suggest otherwise.  So I accept that, but certainly
22   observe that the same sort of circumstances has resulted in
23   tragedy and death and injury that I have also seen, so I
24   consider it a very serious matter that I am told a
25   presumptively reasonable sentence is from six to 12 months.
```

1          The factor that is also important to me, however, is
2     the defendant's characteristics of repeatedly entering the
3     United States without permission.  As the record would indicate
4     as counsel argues, there has been no criminal punishment as
5     such, but I have a hard time considering this defendant someone
6     who would be at the low end of the guideline if I were to
7     impose a time served sentence.
8          How do I distinguish him from an individual who indeed
9     has no prior violations, no prior improper entries of any type?
10    The issue is a serious one and it's a serious one for our
11    country.  And we have not resolved how we are going to try to
12    deal with it, but I do feel that some punishment provides
13    deterrence and hopefully for most respect for the law.  In this
14    way the defendant's argument is virtually I don't have to
15    respect the law unless I am actually punished.  It seems to me
16    to be a curious argument for law abiding citizens and aliens.
17         So I conclude that this defendant given his record
18    should not be sentenced at the low end of the guidelines, but
19    at the high end, and will accordingly sentence him in
20    accordance with the recommendation of the probation officer,
21    and it would not be in my opinion a disparate sentence.
22         Any questions about my ruling?
23         *MR. NEFF:*  None for the Government, Your Honor.
24         *MS. YUNKER:*  No, Your Honor.
25         *THE COURT:*  I would ask the defendant and counsel

```
 1   stand at the microphone and we will proceed with formal
 2   sentencing.
 3            Pursuant to the Sentencing Reform Act, it is my
 4   judgment that the defendant be committed to the custody of the
 5   Bureau of Prisons for a term of 10 months.  Upon release, the
 6   defendant is placed on supervised release for a term of three
 7   years and shall report to the nearest probation office within
 8   72 hours of release.
 9            While on supervised release, defendant shall not
10   commit another federal, state or local crime; shall not possess
11   a firearm; and shall comply with the standard conditions
12   adopted by the Court.
13            The defendant shall not unlawfully possess a
14   controlled substance and shall refrain from any unlawful use
15   thereof and submit to three drug tests, one within 15 days of
16   release and two periodic tests thereafter.
17            He shall also cooperate in the collection of a DNA
18   sample.
19            If the defendant is deported, he shall not re-enter
20   the United States illegally.  If he re-enters legally, he shall
21   report to the nearest probation office within 72 hours of his
22   return.
23            While on supervised release, I want to remind you that
24   if you re-enter the United States without permission as you
25   have done several times, you will be exposing yourself not only
```

1   to a similar charge such as this one, but it will also be a
2   violation of your supervised release.  And it's not unusual for
3   you to be charged with both of those and to be exposed to two
4   penalties, one after the other, so that if you continue your
5   pattern and you are arrested, you are likely facing a much
6   longer sentence, so I want you to be sure you understand that.
7           I do order that the defendant pay the $100 which is
8   due immediately, but find he does not have the ability to pay a
9   fine and waive the fine in this case.
10          I do accept your plea, which means you are convicted.
11  You can't appeal the conviction, but you can appeal the
12  sentence.  If you wish to do so, you must file a notice of
13  appeal within 10 days of entry of judgment or you lose your
14  right to appeal.  If you cannot afford an attorney, the Court
15  would appoint one to represent you, and if you requested, the
16  court clerk would assist you in preparing and filing a notice
17  of appeal.

### REPORTER'S CERTIFICATE

19     I certify that the foregoing is a correct transcript from
20  the record of proceedings in the above-entitled matter.  Dated
21  at Denver, Colorado, this 21st day of November, 2006.

_____
Janet M. Coppock